UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JUQURRY FREEMAN, a/k/a YOUNGEN,<br><br>Defendant. | 4:23-CR-40016-02-KES<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** |

Defendant, Juqurry Freeman, filed a *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Docket 97. The Federal Public Defender filed a notice of intent not to file supplemental briefing on Freeman's behalf. Plaintiff, the United States of America, opposes the motion. Docket 100. For the following reasons, Freeman's motion for compassionate release is denied.

## BACKGROUND

In February 2023, Freeman was charged with conspiracy to distribute a controlled substance. Docket 1. On January 11, 2024, Freeman entered a plea of guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846. Docket 73. On April 1, 2024, the court sentenced Freeman to 60 months in custody, followed by four years of supervised release. Docket 81; Docket 82. Freeman's projected release date is April 8, 2028. Docket 98 at 8.

1

Freeman is requesting early release so that he may "be a care taker for [his] grandfather." Docket 97 at 6.

## DISCUSSION

Sentences are final judgments, meaning a court ordinarily "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C § 3582(c). Congress passed The First Step Act (FSA) in 2018, facilitating an exception to the finality of sentences. Pub. L. No. 115-391, 132 Stat. 5194 (2018). In relevant part, the FSA amends 18 U.S.C. § 3582(c)(1)(A) to permit incarcerated defendants to file motions with the court seeking compassionate release. Compassionate release provides a narrow path for defendants with "extraordinary and compelling reasons" to leave prison early. 18 U.S.C. § 3582(c)(1)(A)(i). A reduction in sentence must consider the 18 U.S.C. § 3553(a) sentencing factors and be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(ii). The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

The Sentencing Commission's policy statement on compassionate release requires "extraordinary and compelling reasons" to warrant a sentence reduction and that the defendant not pose a danger to the public. U.S.S.G. § 1B1.13(a)-(b). The policy statement was amended on November 1, 2023, to reflect the FSA's authorization for federal courts to rule on compassionate release motions initiated by defendants. U.S.S.G § 1B.13, amend. 814.

Amendment 814 to the Sentencing Commission policy statement also expands the list of extraordinary and compelling reasons justifying compassionate release from federal detention. *See id.*; *2023 Amendments in Brief*, U.S. Sent'g Comm'n, https://www.ussc.gov/sites/default/files/pdf/amendment-process/amendments-in-brief/AIB_814.pdf (last visited Sept. 9, 2025).

**I. Administrative Exhaustion**

Before the FSA's passage, only the Bureau of Prisons (BOP) Director had the authority to bring a compassionate release motion on a defendant's behalf. *See* 18 U.S.C. § 3582(c)(1)(A) (2002), *amended by* 18 U.S.C. § 3582(c)(1)(A) (2018). With the enactment of the FSA, Congress has permitted courts to grant a motion for a reduction in sentence filed by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of thirty days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Freeman submitted a request for a reduction in sentence to the warden of his facility on July 26, 2024. Docket 98 at 1. The warden denied the request on August 15, 2024. *Id.* Freeman submitted what appears to be a second request for a reduction in sentence to the warden on February 2, 2025. Docket 99 at 4. Thirty days have lapsed since this second request was sent to the warden. The United States concedes that Freeman has exhausted his administrative remedies. Docket 100 at 3. Thus, the court reviews Freeman's motion on the merits.

3

**II. Extraordinary and Compelling Reasons**

Congress directed the Sentencing Commission to describe what "should be considered extraordinary and compelling reasons" for compassionate release and fashion "the criteria to be applied and a list of specific examples." *See* 28 U.S.C. § 994(t). The Sentencing Commission Policy Statement, as amended in November of 2023, responded by identifying six categories of "extraordinary and compelling reasons" justifying compassionate release. U.S.S.G § 1B1.13(b)(1)-(4), amend. 814. The first four categories pertain to a defendant's: (1) medical circumstances; (2) advanced age and deteriorating health in combination with the amount of time served; (3) compelling family circumstances; and (4) victimization by correctional staff while in custody. *Id.* A fifth catch-all category exists for a "circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). The sixth category arises if the defendant has received an unusually long sentence, served at least ten years, and a change in law produces a gross disparity between the sentence being served and the sentences likely to be imposed at the time the motion was filed, after considering the individual circumstances of the defendant. U.S.S.G. § 1B1.13(b)(6).

Rehabilitation of the defendant is not an extraordinary and compelling reason in and of itself but "may be considered in combination with other circumstances in determining whether and to what extent a reduction" in

4

sentence is warranted. U.S.S.G. § 1B1.13(d). An extraordinary and compelling reason need not be unforeseen at the time of sentencing to warrant compassionate release. U.S.S.G. § 1B1.13(e).

Freeman argues compassionate release is warranted under the "other extraordinary and compelling reasons" category. Docket 97 at 4. He "seeks to be released to care for his incapacitated elderly grandfather [for] whom he is the only available caregiver." Docket 103 at 1. Freeman states that his "grandfather is incapacitated and unable to provide self care as evidenced by his physician contained within his [grandfather's] medical records[.]" *Id.* He further argues that his "grandfather suffers from chronic medical conditions that require[ ] care in order to function daily." *Id.* His grandfather "requires assistance clothing, cooking, cleaning, and driving back and forth to doctor appointments due to the loss of use of his left side motor functions." *Id.*

Freeman also states that his "family ties are extremely limited to his immediate relatives who are unable to care for his grandfather full time." *Id.* Freeman advises that his "mother Antronette Carter was the primary caregiver since defendant[']s incarceration." *Id.* at 2.

Freeman provides his grandfather's medical records, which include a letter dated December 16, 2024, from his grandfather's internal medicine doctor, who resides in Michigan. Docket 103-1 at 8. The medical doctor's letter states:

> Mr. Payton Johnson is a 77-year-old gentleman with multiple medical conditions including type 2 diabetes with severe neuropathy, hypertension, abdominal aortic aneurysm, chronic

> low back pain with radiculopathy status post lumbar laminectomy, and left-sided weakness secondary to Parsonage-Turner syndrome, who has been struggling recently. The patient lives alone and has been having a tough time getting around and performing his ADLs. Recently, he had neurocardiogenic syncope which has been happening frequently. With this new diagnosis, the patient is not able to drive himself. The patient needs a lot of help. He is requesting that his son be released so that he can come home and help. The patient needs help with everyday tasks such as cooking, getting groceries, cleaning around the house, and to help with his ADLs.

*Id.*

It is clear from this letter and a review of the medical records provided by Freeman that his grandfather has significant chronic medical conditions and needs assistance. But Freeman's mother and other family members recently relocated to South Carolina, knowing that their elderly family member needs care and assistance. *See* Docket 103 at 2. "The availability of any other potential caregiver is enough to preclude compassionate release for extraordinary and compelling reasons." *United States v. Prado*, 2024 WL 3964420, at *3 (D.S.D. Aug. 28, 2024). Because there are other relatives who could, if they so choose, provide care for Freeman's grandfather, Freeman's motion does not meet the legal requirements for extraordinary and compelling reasons.

## III. Sentencing Factors of § 3553(a)

The § 3553(a) sentencing factors confirm that compassionate release is not warranted in this case. The first factor the court considers is "the nature and circumstances of the offense and the history and characteristics of the defendant[.]" 18 U.S.C. § 3553(a)(1). Freeman has a history of violence,

including a series of convictions for home invasions, theft, and flight from law enforcement. Docket 79 ¶¶ 37-45. His immediate offense involved a conspiracy to distribute between 40 and 160 grams of fentanyl. *Id.* ¶ 25. During an August 16, 2022 stop by law enforcement, a bag containing approximately 110 grams of fentanyl pills was found in the door of Freeman's vehicle. *Id.* ¶ 5. Freeman intended to personally participate in the handling and distribution of fentanyl. *Id*. Freeman traveled from Sioux Falls to Detroit by vehicle, straight through, to get the drugs, and when he was low on supply, he and his co-conspirator would drive to Detroit, get more supply, and return to Sioux Falls to distribute the drugs. *Id.* ¶ 8.

  The next factor the court considers is the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense[.]" 18 U.S.C. § 3553(a)(2)(A). While incarcerated, Freeman has had recent sanctions for misconduct, including refusing to obey an order in February 2025, phone abuse in December 2024, and being in an unauthorized area in August 2024. Docket 98 at 3. It is clear that incarceration has not taught Freeman respect for the law.

  Freeman was sentenced to 60 months in prison, the mandatory minimum. Docket 79 ¶ 76; Docket 82 at 1-2. Based on a total offense level of 21 and a criminal history category of IV, Freeman's guideline range was 57 to 71 months. Docket 79 ¶ 76. But the statutorily authorized minimum sentence of five years was greater than the minimum of the guideline range; therefore, the guideline range became 60 to 71 months. *Id.*; U.S.S.G. § 5G1.1(c)(2).

7

Granting compassionate release below the mandatory minimum also does not promote respect for the law, nor does it meet the court's interest in just punishment, which demands that Freeman's sentence reflect the gravity of his offense.

The remaining § 3553(a) factors also do not support a sentence reduction. If the court were to grant compassionate release, similar conduct by others would not be deterred because Freeman's punishment would not be severe enough to act as an effective deterrent. *See* 18 U.S.C. § 3553(a)(2)(B). Because Freeman committed a serious crime, reducing his sentence would not protect the public from further crimes committed by him. *See* 18 U.S.C. § 3553(a)(2)(C).

After careful consideration, the court concludes that Freeman's sentence continues to be appropriate for the seriousness of the crime he committed.

## CONCLUSION

Freeman has failed to satisfy the extraordinary and compelling reason standard for compassionate release. Thus, it is

ORDERED that Freeman's motion for relief under the FSA (Docket 97) is DENIED.

Dated October 8, 2025.

> BY THE COURT:
>
> /s/ *Karen E. Schreier*
> KAREN E. SCHREIER
> UNITED STATES DISTRICT JUDGE